# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WILLIAM DEVILLE | * | CIVIL ACTION |
| | * | |
| | * | NO. 07-1345 |
| | * | |
| REGIONAL TRANSIT AUTHORITY ET AL | * | SECTION "L"(3) |

## ORDER & REASONS

Before the Court is Defendant Regional Transit Authority's Motion for Summary Judgment (Rec. Doc. No. 87). For the following reasons, the motion is GRANTED.

## I. BACKGROUND

This case arises out of the termination of the Plaintiff's employment with the Regional Transit Authority ("RTA") or the Transit Management of Southeast Louisiana ("TMSEL") on or about October 20, 2006. The Plaintiff asserts that he was involved in protected First Amendment activity when he was communicating with the U.S. Department of Transportation Office of Inspector General regarding the Emergency Ground Transportation Contract implemented by his employer, the RTA, after Hurricane Katrina. Plaintiff DeVille claims that the communication involved matters of public concern. He asserts that in retaliation for his communications, on October 20, 2006, he was terminated from his employment with RTA.

The RTA owns the transit system in New Orleans. The RTA is a political subdivision of the State of Louisiana pursuant to La.Rev.Stat. §48:1651 *et seq*. RTA contracted with TMSEL to operate the system. As a result of Hurricane Katrina, the public transit system in New Orleans was destroyed. RTA and TMSEL were presented with significant challenges to

rebuild the transit system, and initiated discussions regarding changes in management to facilitate the rebuilding process. According to the Plaintiff, Deville in October 2002 was named General Manager of the RTA/TMSEL. On June 16, 2006, the Plaintiff alleges that he became the Executive Director for the RTA, with full RTA benefits. Mark Major was placed in the General Manager position, and the Defendants approved a two and a half (2 1/2) year employment contract for the Plaintiff. The Defendant disputes whether the Plaintiff became an RTA employee on June 16, 2006. The Defendant takes the position that the Plaintiff was at all relevant times an employee of TMSEL, and that he was an at-will employee.

Plaintiff filed suit against the RTA, TMSEL, and Mr. Major in his individual capacity asserting violations of the First Amendment of the Constitution of the United States of America, his equal protection due process rights pursuant to 42 U.S.C. § 1983, and Louisiana contract law, as well as defamation, and seeks back pay and front pay including benefits, mental anguish, loss of enjoyment of life, medical expenses, interest, punitive damages, attorney's fees and injunctive relief. The Plaintiff alleges that TMSEL is an entity fully organized under the direction and control of the RTA, and that RTA and TMSEL are joint employers and/or a single enterprise.

On June 19, 2007 Plaintiff filed an amended complaint.[1] On January 22, 2008, the Court dismissed Defendants Mark Major and TMSEL from the suit, and dismissed Plaintiff's §1983 claim, equal protection claim, and defamation claim. The only Defendant remaining is the RTA, and the two remaining claims involve breach of employment contract and violation of the Plaintiff's procedural due process. On February 25, 2008, the Defendant RTA answered and denied liability. On January 6, 2009, the case was transferred to this Section. The Court, having

---

[1] Rec. Doc. No. 20.

reviewed the arguments of counsel, the record, and applicable jurisprudence, is fully advised and now ready to rule.

## II. THE MOTION

The RTA seeks summary judgment on the grounds that the Plaintiff was an employee of TMSEL, not RTA. RTA and TMSEL are two separate entities. No written contract was perfected to change the Plaintiff's employer pursuant to La. Civ. Code art. 1947. For support, the Defendant cites minutes from the RTA Board Meetings, deposition testimony of the Plaintiff conceding that RTA and TMSEL are two separate entities, and testimony by James J. Reiss, Jr., former Chairman of the RTA Board of Commissioners (the "Board"). Since Plaintiff did not have an employment contract with the RTA, he cannot prove his breach of contract claim or procedural due process claim.

In response, the Plaintiff asserts that he entered either a written or oral contract for a two-year term of employment with the Defendant. The Plaintiff argues that James Reiss offered the Plaintiff a two and one half (2 1/2) year employment contract as RTA Executive Director for Capital Recovery. The Plaintiff takes the position that if the Court finds that no written contract existed, the Court should find that the parties entered an oral contract and did not contemplate that the contract would be in writing. Further, Plaintiff asserts that the RTA and TMSEL are part of a single business enterprise, and TMSEL is merely a management arm of the RTA. Plaintiff also claims that without any notice to the Plaintiff, the RTA Board of Commissioners changed Plaintiff's employment from an RTA employee to a TMSEL employee in September 2006, and that the Defendant violated his due process rights when the RTA terminated Plaintiff's employment.

## III. LAW & ANALYSIS

Summary judgment will be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits show that there is no genuine issue as to any material fact and that the defendant is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56. When considering a motion for summary judgment, the Court must "review the facts drawing all inferences most favorable to the party opposing the motion." *General Universal Systems, Inc. v. Lee*, 379 F.3d 131, 137 (5th Cir.2004). If the party moving for summary judgment demonstrates the absence of a genuine issue of material fact "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Willis v. Roche Biomedical Laboratories, Inc.*, 61 F.3d 313, 315 (5th Cir.1995).

### A. Breach of Contract

Louisiana Civil Code Article 1846 requires that an oral contract in excess of $500 must be proven by at least one witness and other corroborating evidence." *Lakewood Estates Homeowner's Ass'n, Inc. v. Markle*, 847 So.2d 633, 637-38 (La.App. 4 Cir. 4/20/03). "To establish a prima facie case for an oral contract greater than $500 the plaintiff must prove the existence and terms of said contract by at least one credible witness and other corroborating evidence." *Executive Recruitment, Inc. v. Reed & Carnick Pharms.*, 474 So.2d 473 (La.Ct.App.1985). "A party may offer his own testimony in support of a claim of an oral contract ... but must show other circumstances which corroborate his claim. Although corroboration is required, only general corroboration must be shown, not independent proof of every detail of his testimony.... The corroborating circumstances that are required must come from a source other than the plaintiff." *Lakewood*, 847 So.2d at 637-38.

The Plaintiff first takes the position that he entered a written contract of employment with the Regional Transit Authority. However, there is no evidence of the existence of any

written contract. The document on which the Plaintiff relies, entitled "New leadership roles in New Orleans RTA," indicates that it is a draft for discussion purposes.[2] Further, the draft was never adopted by the RTA Board of Commissioners.[3] Accordingly, the Court finds that the parties did not enter a written contract of employment with RTA.

Further, the Court finds that the Plaintiff did not enter an oral contract of employment with RTA. The Plaintiff argues that the Board's Resolution Reorganizing Management[4] on June 16, 2006 formally adopted the parties' employment agreement. However, the Board Resolution is inconsistent with Plaintiff's position. The Board appointed Mark Major General Manager of TMSEL, and Plaintiff as Executive Director of Capital Recovery, to serve at the pleasure of the Board.[5] The Board minutes on September 28, 2006 edited the June 16, 2006 resolution and stated, "Mr. Deville is a TMSEL Employee..." Although the Plaintiff asserts that at the September meeting the Board changed the nature of the Plaintiff's employment without his permission, the Board indicated that the minutes were simply meant to clarify the June Resolution.

Further, the undisputed facts support a finding that the Plaintiff was employed with TMSEL at all relevant times. The Plaintiff was hired by TMSEL on May 17, 1984. There is only one employee of RTA, Deslie Isidore, and her benefits are substantially different than those provided to TMSEL employees. She receives a paycheck from RTA and is paid twice a month, whereas TMSEL employees receive their paychecks from TMSEL and are paid every two weeks.

---

[2] Rec. Doc. No. 93-18.

[3] Board Resolution No. 06-014, Rec. Doc. No. 87-11.

[4] Board Resolution No. 06-014, Rec. Doc. No. 87-11.

[5] Board Resolution No. 06-014, Rec. Doc. No. 87-11.

Isidore is enrolled in the state retirement plan, whereas TMSEL employees are enrolled in TMSEL's pension plan. The Plaintiff never received a paycheck from RTA. In fact, the Plaintiff's personnel records with TMSEL indicate that at all relevant times he was paid by TMSEL, was part of TMEL's pension plan, and was enrolled in TMSEL's group insurance plans.

In support of his position, the Plaintiff cites the deposition testimony of James Reiss indicating that it was his understanding that the Plaintiff was an employee of TMSEL at the time Reiss became Chairman of the Board of Commissioners, but that the Plaintiff became an RTA employee on June 16, 2006:

> "A: Until the action taken by the board on June the 16th.
> Q: And at that point, it's your belief he became an employee of RTA?
> A: Yes. I believe the board accepted his position and obviously voted on it unanimously, as outlined in, to repeat, in your Exhibit Number 2."[6]

In response, the Defendant cites an affidavit by Reiss stating that Plaintiff was at all relevant times an employee of TMSEL.[7] Plaintiff asserts that this gives rise to a factual dispute warranting the denial of summary judgment. However, not all factual disputes are necessarily material. Whether a fact is material or not is determined by the substantive law governing the suit. *Anderson v. Liberty, Inc.*, 477 U.S. 242, 247-248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1996). In the instant case, the conversation with James Reiss was at best a discussion of Plaintiff's interest in a change in his responsibilities. The Plaintiff and James Reiss indicated their understanding that any agreement would be subject to Board approval.[8] Mr. Reiss later resigned after the Board refused to adopt his recommendations. Accordingly, the Court finds that there are no material

---

[6] Reiss Dep. 45:19, April 17, 2009, Rec. Doc. No. 93-15.

[7] Reiss Aff. ¶ 2, Rec. Doc. No. 87-6.

[8] Def.'s Mem. in Supp. Mot. for S.J. (Rec. Doc. No. 87); Pl.'s Mem. in Opp. Mot. for S.J. (Rec. Doc. No. 93).

issues of fact and Plaintiff's claim for breach of contract must be dismissed.

### B. Procedural Due Process

In order to establish either a substantive or a procedural due process property right, a plaintiff "must first establish a denial of a constitutionally protected property right." *DeVille v. Regional Transit Authority*, 2008 WL 200020 (E.D. La. Jan. 22, 2008); *Bryan v. City of Madison, Mississippi*, 213 F.3d 267, 274 (5th Cir.2000). Such a showing must be made in reference to state law. *Id.*, at 275, citing *Schaper v. City of Huntsville*, 813 F.2d 709 (5th Cir.1987); and *Bishop v. Wood*, 426 U.S. 341, 344, 96 S.Ct. 2074 (1976) (stating that "a property interest in employment can, of course, be created by ordinance or by an implied contract ... in either case, however, the sufficiency of the claim of entitlement must be decided by reference to state law."). Under Louisiana law, it is well-settled that there are only two ways through which Plaintiff could have had a property interest in his job: (1) if Defendant contracted with Plaintiff to fire him only for cause, or (2) if he was a permanent classified employee under the Louisiana civil service system. *Lindberg v. Bossier Parish, Louisiana*, 2008 WL 4491642 (W.D. La. Oct. 2, 2008).

The parties do not contend that the Plaintiff was a permanent classified employee under the Louisiana civil service system. Further, as stated above, the Plaintiff was also not an employee of the RTA. Even if the Plaintiff was an RTA employee, there is no evidence that RTA entered into an employment contract with the Plaintiff to fire him only for cause, or that Plaintiff was a permanent employee. As stated above, both the Plaintiff and James Reiss contemplated that their discussion regarding the Plaintiff's employment was subject to Board approval.[9] The

---

[9] Def.'s Mem. in Supp. Mot. for S.J. (Rec. Doc. No. 87); Pl.'s Mem. in Opp. Mot. for S.J. (Rec. Doc. No. 93).

Board Resolution 06-014 of June 16, 2006 states, "BE IT FURTHER RESOLVED, that William Deville is hereby appointed as Executive Director of Capital Recovery, reporting directly to the board on capital grant matters, serving at the pleasure of the board."[10] The Plaintiff was to serve at the pleasure of the Board, and there is no evidence that the Board contemplated that Plaintiff could be fired only for cause. Accordingly, the Plaintiff does not have a valid claim for a violation of his procedural due process.

The Plaintiff had no contract of employment, and, at best, he was an at-will employee. Accordingly, DeVille's claims for breach of contract and procedural due process claims must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendant Regional Transit Authority's Motion for Summary Judgment (Rec. Doc. No. 87) is hereby GRANTED.

New Orleans, Louisiana this [16th] day of May, 2009.

UNITED STATES
DISTRICT JUDGE

---

[10]Ex. I. Rec. Doc. No. 87-10.